IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE E. BURLESON** | § | **PLAINTIFF** |
| | § | |
| v. | § | **CAUSE NO. 1:03CV211** |
| | § | |
| **HANCOCK COUNTY BOARD OF** | § | |
| **SUPERVISORS, HANCOCK COUNTY** | § | |
| **SHERIFF'S DEPT., HANCOCK COUNTY** | § | |
| **SHERIFF'S DEPT. CIVIL SERVICE** | § | |
| **COMMISSION, STEVE GARBER,** | § | |
| **RONNIE PETERSON, ANNE** | § | |
| **WILLIAMSON, WILLIAM TATE, DAVID** | § | |
| **GARCIA, and JOHN DOES 1-5** | § | **DEFENDANTS** |

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

THE MATTER BEFORE THE COURT is the Motion for Summary Judgment and/or Alternatively to Dismiss [32] filed by the Hancock County Board of Supervisors (the "Board") asserting that Plaintiff's claims are precluded by *res judicata*. Plaintiff has filed his response, and the Board has replied. After due consideration of the submissions and the relevant law, it is the Court's opinion that the Board has shown that Plaintiff's claims have been finally determined in state court, and cannot be re-litigated in this forum. The Motion for Summary Judgment will therefore be granted.

DISCUSSION

*Facts and Procedural History:*

Burleson was terminated from his employment at the Hancock County Sheriff's Department in 2000. He filed a written complaint with the Hancock County Sheriff's Department Civil Service Commission (the "Commission"). The Commission conducted an investigation and hearing, and reached a decision approving Burleson's termination on March 26,

2001.  Burleson appealed this decision to the Hancock County Circuit Court, which affirmed the Commission's decision on February 22, 2002.  Burleson appealed the Circuit Court's ruling to the Mississippi State Court of Appeals, which affirmed the Circuit Court in an *en banc* decision issued November 18, 2003.  On March 9, 2004, Burleson filed a Petition for Writ of Certiorari to the Mississippi Supreme Court, which was denied.  At the time this lawsuit was filed on March 12, 2003, the Mississippi State Court of Appeals was considering Burleson's appeal from the Hancock County Circuit Court.

*Burleson's Claims:*

In his appeal from the Circuit Court, Burleson asserted twenty issues, which the Appeals Court restructured as follows:

1. He was demoted in violation of the Civil Service Rules and Regulations;

2. He was denied due process by his discharge without a pre-termination hearing;

3. He was not given a post-termination hearing within twenty days of his request;

4. He was subjected to double jeopardy;

5. He was denied due process because of the length of time for the Commission's decision;

6. The Commission held meetings in violation of its rules and the Open Meetings Act;

7. The Judgment of the Commission was not supported by substantial evidence;

8. The Judgment of the Commission was arbitrary and capricious and beyond their authority;

9. The Commission failed to set forth any findings of fact or conclusions of law.

(Exh. "C" to Def. Mtn Summ. Judg., pgs. 1-2)

The Mississippi Court of Appeals considered each of these arguments in turn and

concluded:

> While the Commission may have made some mistakes, it is important to remember that the Commission is an administrative law agency composed of persons not always well versed in the law.  The Commission had to make a hard decision, whether to sacrifice insurance coverage for the sheriff's department thereby putting all citizens of that county at risk or to uphold the termination of Burleson.  The Commission may have made some mistakes, but its decision followed a lengthy investigation and information gathering process.  The circuit court upheld the Commission's decision.  We uphold the circuit court's decision.

(Exh. "C" to Def. Mtn Summ. Judg., pg.11)

In the lawsuit filed in this Court, Burleson complains that he was terminated without a pre-termination hearing or a post-termination hearing within twenty days, and that he was demoted without charges against him in writing. (Pl. Compl. pgs. 3-4).  Burleson further complains that the Commission met with witnesses without notice to him or the public and outside a public hearing.  He also takes issue with the fact that the Commission did not issue a decision until after a year after his appeal, and the decision did not contain any findings of fact or conclusions of law.  (Pl. Compl. pg. 5).  Burleson complains that he was falsely accused of criminal acts during the pendency of his appeal to the Commission, (Pl. Compl. pg. 7), and that when the Commission issued their decision, the term of each Commissioner had expired.  (Pl. Compl. pg. 6).  Finally, Burleson contends that the actions of the Defendants[1] violated his

---

[1] Although Burleson has named multiple entities and individuals as defendants in this case, neither the Board of Supervisors, the Sheriff's Department, nor the Commission are legal entities separate and apart from Hancock County.  *See Henley v. Edlemon*, 297 F.3d 427, 428 n.1 (5th Cir. 2002).  Similarly, Steve Garber and Ronnie Peterson are named as former and current Sheriffs of Hancock County.  Anne Williamson, William Tate, and David Garcia are named as Hancock County Commissioners.  Plaintiff does not specify the capacity in which he sues these individuals, and he does not make allegations of private misconduct as to each of them.  Because his Complaint does not predicate Hancock County's responsibility on the misconduct of individuals who happen to be County officials or employees, the Court will construe Burleson's claims as brought against the individual defendants in their official capacities. In their official

constitutional rights and seeks redress under 42 U.S.C. § 1983.

*Application of the Doctrine of Res Judicata:*

A final judgment on the merits bars further claims by parties or their privies based on the same cause of action under the doctrine of *res judicata*, provided that four identities are present: 1) identity of the subject matter of the action, 2) identity of the cause of action, 3) identity of parties to the cause of action, and 4) identity of the quality or character of a person against whom the claim is made. *Anderson v. Lavere*, 895 So.2d 828 (Miss. 2004)(citations omitted). "If these four identities are present, the parties will be prevented from relitigating all issues tried in the prior lawsuit, as well as all matters which should have been litigated and decided in the prior suit." *Id.* "In addition to these four identities, res judicata applies only to judgments which are final [and] on the merits." *Id.*

First, the record clearly shows that Burleson obtained a final judgment on the merits from the Mississippi Court of Appeals. Moving on to the four identities, comparison of the Complaint in this case with the written Court of Appeals decision in Burleson's state court proceedings shows not only identical subject matter - Burleson's termination from employment with the Sheriff's Department - but also nearly identical claims. Burleson has included more legal theories for relief in this case, such as his claim under Section 1983.

The law in Mississippi is that identity between claims exists when the underlying facts and circumstances are the same in the second suit as those involved in the first suit. *Harrison v.*

---

capacities, they are not separate from Hancock County. "A suit against a public official in his official capacity is nothing more than a suit against the entity." *Mosby v. Moore*, 716 So.2d 551 (Miss. 1998).

*Chandler-Sampson Ins., Inc.*, 891 So.2d 224, 234 (Miss. 2005).  Alternative bases for relief based on the same set of facts and circumstances are claims which can and should be litigated in the first suit.  *Id.*  The underlying facts and circumstances in this case are identical to those alleged in the state court proceedings, only the theories under which Burleson seeks relief are different.  Therefore, identity of the cause of action exists in this case.

      Next, certain parties named in this suit were also named in the state court proceedings.  The Hancock County Sheriff's Department Civil Service Commission, Hancock County Sheriff Steve Garber and former Hancock County Sheriff Ronald Peterson were all named in the first lawsuit.  Burleson argues that *res judicata* cannot operate to bar his claims against the Hancock County Board of Supervisors, the Hancock County Sheriff's Department, or the individual Commission members because they were not parties to the first lawsuit.  The Court has already determined that none of these parties are separate from Hancock County, Mississippi, (*see* note 1, above), which was a party to the state court proceedings.  Even if they were found to be separate, as agents and employees of Hancock County the vicarious liability relationship between these parties is sufficient to satisfy the requirement for identity of parties to the cause of action.  *See Russell v. Sunamerica Securities, Inc.*, 962 F.2d 1169 (5th Cir. 1992).  This leads to the conclusion that the fourth identity - the quality or character of a defendant - has also been satisfied.  *McCorkle v. Loumiss Timber Co.*, 760 So.2d 845, 856 (Miss. App. 2000).

      With all four identities present, the doctrine of *res judicata* prevents Burleson from relitigating the issues tried in his state court lawsuit, as well as matters which should have been litigated and decided in the state court suit. Because all of the claims in Burleson's Complaint fall into these categories, his claims against all Defendants (who are in essence Hancock County)

fail as a matter of law.  The Board has shown that there is no question of material fact for the jury, making summary judgment appropriate.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Summary Judgment and/or Alternatively to Dismiss [32] filed by the Hancock County Board of Supervisors is **GRANTED**.  Plaintiff's claims against the Defendants are **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 15th day of December, 2006.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE
